UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO, | Case No.: 13-CV-04948-LHK |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |
| v. | |
| GERALDINE M. ALBEE, et al., | |
| Defendants. | |

Plaintiff Gregory Nicholas Steshenko ("Plaintiff") brings this action for age discrimination based on not being admitted to a graduate program at San Francisco State University. Defendants Geraldine Albee and the Board of Trustees of the California State University (collectively, "Defendants") move to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 33. Having considered the parties' briefs and arguments, the relevant law, and the record in this case, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss.

**I.   BACKGROUND**

Plaintiff is a 52-year-old unemployed electrical engineer seeking to re-enter the job market through professional re-training. First Am. Compl. ("FAC"), ECF No. 34, ¶ 46. In addition to a Master of Science degree in Electrical Engineering, Plaintiff earned a Bachelor of Science degree in Biochemistry and Molecular Biology from the University of California, Santa Cruz, in 2010. *Id.*

On October 22, 2012, Plaintiff applied to the Clinical Laboratory Scientist ("CLS") Training Program at San Francisco State University. *Id.* ¶ 51. The CLS Training Program is a one-year academic program combining theoretical training with an internship at a participating clinical laboratory. *Id.* ¶ 47. On March 19, 2013, Plaintiff was notified that his application was denied due to his late submission of his transcript and that he would not be invited for an interview. *Id.* ¶ 52. On June 12, 2013, Plaintiff subsequently reapplied for the spring semester, to begin coursework in 2014. *Id.* ¶¶ 52–53. According to Plaintiff, sometime during July 2013 or August 2013, Defendant Albee and other university employees "assembled, communicated and finally decided that Plaintiff [was] not suitable for the CLS program because of his age, and therefore should not be invited to an admissions interview." *Id.* ¶ 54. On August 28, 2013, Plaintiff was notified that his application was denied because "he did not meet the criteria for selection into the CLS program." *Id.* ¶ 55. According to Plaintiff, much younger applicants, in their 20s, with much more inferior academic credentials and work experience, were invited for interviews and subsequently admitted to the program. *Id.* Accordingly, Plaintiff concluded that he was discriminated on the grounds of age. In making this conclusion, Plaintiff also alleges that "[n]o persons of the protected age have ever been admitted to . . . this program" and that "[t]he age discrimination is rampant." *Id.* ¶ 50.

Plaintiff alleges that he filed a timely administrative claim with the California State University Chancellor's Office. *Id.* ¶ 8. However, Plaintiff's claims were denied. *Id.* Plaintiff also alleges that he gave timely notices of the instant action to Defendants, the Secretary of Health and Human Services, and the Attorney General of the United States. *Id.* ¶ 9.

On October 24, 2013, Plaintiff filed an original Complaint against Defendants. ECF No. 1. On March 26, 2014, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). ECF No. 14. That same day, Defendants amended the motion to dismiss. ECF No. 15. After the Court granted Plaintiff's motion to extend time to file a response to the motion to dismiss, on April 17, 2014, Plaintiff filed an Opposition. ECF No. 20 . On April 23, 2014, Defendants filed a Reply. ECF No. 21. The Court held a hearing on May 15, 2014. Plaintiff filed a supplemental letter brief on May 16, 2014. ECF No. 23.

2

Case No.: 13-CV-04948-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

On May 20, 2014, the Court granted Defendant's motion to dismiss. ECF No. 29. In the order, the Court granted Defendants' motion to dismiss all of Plaintiff's claims against the Board of Trustees and Plaintiff's § 1985(3) claim against Albee with leave to amend. ("May 20, 2014 Order"), ECF No. 29 at 17. The Court also granted Defendants' motion to dismiss Plaintiff's Fourteenth Amendment due process and equal protection claims against Albee; Plaintiff's Age Discrimination Act claim against Albee; and Plaintiff's Age Discrimination in Employment Act claim against Albee with prejudice. May 20, 2014 Order at 17. Finally, the Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and thus granted Defendants' motion to dismiss Plaintiff's state law claims—FEHA claim, Bane Act claims, and IIED claim. May 20, 2014 Order at 17.

On May 31, 2014, Plaintiff filed an Amended Complaint against Defendants. ECF No. 31. Plaintiff filed a corrected First Amended Complaint on June 29, 2014. ("FAC"), ECF. No. 34. On June 16, 2014, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). ("MTD"), ECF No. 33, which Plaintiff opposed on June 29, 2014, ("Opp'n"), ECF No. 35. On July 10, 2014, Defendants filed a Reply. ("Reply"), ECF No. 36.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light

3
Case No.: 13-CV-04948-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Moreover, pro se pleadings are to be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[I]n general, courts must construe pro se pleadings liberally.").

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks omitted).

### B. Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th

4

Cir. 1990). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

Plaintiff's FAC asserts five causes of action against Defendants which can be grouped into the following four categories: (1) age discrimination in violation of the Age Discrimination Act of 1975; (2) denial of due process and equal protection rights under the Fourteenth Amendment pursuant to § 1983; (3) conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985(3); and (4) intentional infliction of emotional distress ("IIED"). *See* FAC ¶¶ 57–66.

Defendants move to dismiss Plaintiff's FAC under Rule 12(b)(6) on the ground that Plaintiff fails to state any claims upon which relief can be granted. *See* MTD at 13–34. Specifically, Defendants contend: (1) that the Eleventh Amendment to the United States Constitution is a complete bar to all of Plaintiff's claims against Defendant Board of Trustees of the California State University, MTD at 13–18;[1] and (2) that each of Plaintiff's claims against Defendant Albee fail because Plaintiff has not pled sufficient facts to constitute a claim. Reply at 18–24. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss.

---

[1] Ninth Circuit cases have held that dismissal based on Eleventh Amendment immunity should be analyzed under Rule 12(b)(6) and not as a jurisdictional issue under Rule 12(b)(1). *See Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006) (stating that "dismissal based on Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction, but instead rests on an affirmative defense") (quotation marks and citation omitted); *Tritchler v. Cnty. of Lake*, 358 F.3d 1150, 1153–54 (9th Cir. 2004) (stating that "Eleventh Amendment immunity does not implicate a federal court's subject matter jurisdiction in any ordinary sense and that it should be treated as an affirmative defense") (internal quotation marks omitted); *Miles v. California*, 320 F.3d 986, 988–89 (9th Cir. 2003) (ruling that "dismissal based on Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction") (citing *Hill v. Blind Indus. and Servs. of Md.*, 179 F.3d 754, 762 (9th Cir. 1999) (concluding that the Eleventh Amendment is not a jurisdictional bar because it is a defense that can be waived by the state)).

5
Case No.: 13-CV-04948-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

**A.     Defendant Board of Trustees of the California State University**

Defendants argue that the Eleventh Amendment to the United States Constitution is a complete bar to all claims against Defendant Board of Trustees of the California State University ("Board of Trustees").[2] MTD at 4. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

Essentially, the Eleventh Amendment erects a general bar against federal lawsuits brought against a state. *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citation omitted). The Board of Trustees is an arm of the state of California and thus the Board of Trustees may invoke the Eleventh Amendment immunity. *Stanley v. Trs. of the Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006) (noting that the Ninth Circuit has previously held that the Trustees of the California State University "are an arm of the state that can properly lay claim to sovereign immunity"); *see Jackson v. Hayakawa*, 682 F.2d 1344, 1350–51 (9th Cir. 1982).

State immunity under the Eleventh Amendment is not absolute, however, as there are three exceptions to the rule: (1) Congress may abrogate that immunity pursuant to its lawmaking powers conferred by the United States Constitution, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000); (2) a state may waive its Eleventh Amendment immunity by consenting to suit, *College Sav. Bank Florida v. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); and (3) under the *Ex parte Young* doctrine, immunity does not apply when the plaintiff chooses to sue a state official

---

[2] In the FAC, Plaintiff names California State University as an additional defendant. FAC ¶ 4. In the Court's previous order granting Defendant's motion to dismiss with leave to amend, Plaintiff was cautioned that Plaintiff may not add new parties without leave of the Court or a stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. May 20, 2014 Order at 18. The Court has not granted leave nor have the parties stipulated to the addition of any new defendants. The Court therefore dismisses California State University from this action. Furthermore, even if the Court were to grant leave to add new parties, the addition of this party would not alter the Court's decision in this matter as California State University is a state agency, and the Court's Eleventh Amendment analysis as to the Board of Trustees would be the same for California State University. *See Mitchell v. Los Angeles Comm. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988).

6

Case No.: 13-CV-04948-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

in his or her official capacity for prospective injunctive relief, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996).

Here, Plaintiff attempts to avoid the bar of the Eleventh Amendment in two ways. First, Plaintiff attempts to invoke the *Ex parte Young* doctrine exception against the Board of Trustees. Second, Plaintiff asserts that the Board of Trustees waived its sovereign immunity as to Age Discrimination Act suits by accepting conditional federal funds.

In this Court's previous order granting Defendants' motion to dismiss, the Court decided that the *Ex parte Young* doctrine does not apply to state law claims and federal claims against a board of trustees. *See* May 20, 2014 Order at 7–8. The Court again concludes that the Board of Trustees is not a "state official" under *Ex parte Young* and is therefore not subject to suit under that doctrine. *See, e.g.*, *Eubank v. Leslie*, 210 Fed. Appx. 837, 844–45 (11th Cir. 2006) ("The University of Alabama Board of Trustees is a state agency, not a state official acting in its official capacity . . . [h]ence, the exception to 11th Amendment immunity set out in *Ex parte Young* does not apply to claims against it[.]"). Accordingly, the Court will only address Plaintiff's waiver argument.[3]

For the reasons set forth below, the Court finds that Plaintiff sufficiently alleges facts supporting the claim that the Board of Trustees waived its sovereign immunity under the Age Discrimination Act of 1975 by accepting federal educational funds. The Court therefore DENIES Defendants' motion to dismiss Plaintiff's Age Discrimination Act claim against the Board of Trustees.

### 1. Waiver Exception under the Age Discrimination Act

While the Eleventh Amendment erects a general bar against federal lawsuits brought against a state, a state may affirmatively choose to waive that immunity. *See Atascadero St. Hosp.*

---

[3] Plaintiff again argues that the California State University requires him to name the Board of Trustees, and only the Board of Trustees, as a defendant. *See* May 20, 2014 Order at 7–8; Opp'n at 8; FAC ¶ 4. In support of this proposition, he attaches a print-out of the University General Counsel's webpage. However, the webpage notes only that "[i]ndividual campuses are not separate legal entities . . ." and otherwise provides that "[t]he Office of General Counsel is authorized to accept service of process on behalf of the Board of Trustees, individually named Trustees, the Chancellor, and/or the campus Presidents . . . ." The Court again rejects Plaintiff's argument.

7

Case No.: 13-CV-04948-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

*v. Scanlon*, 473 U.S. 234, 238 (1985), *abrogated in part by, Lane v. Pena*, 518 U.S. 184, 198–200 (1996).  More specifically, Congress may require a state to waive its sovereign immunity as a condition of receiving federal funds.  *See, e.g.*, *Lawrence Cnty. v. Lead-Deadwood Sch. Dist.*, 469 U.S. 256, 269–70 (1985) ("It is far from a novel proposition that pursuant to its powers under the Spending Clause, Congress may impose conditions on the receipt of federal funds, absent some independent constitutional bar."); *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 ("A sovereign's immunity may be waived, and the Court consistently has held that a State may consent to suit against it in federal court.").

Congress has conditioned receipt of federal funds for certain "program[s] and activit[ies]" upon a state's waiver of sovereign immunity.  *See* 42 U.S.C. § 2000d-4a.  Section 2000d-7 states:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

By voluntarily accepting federal funds covered by this explicit "equalization" provision, a state waives its sovereign immunity.  *See Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812 (9th Cir. 2001) ("[S]tates are subject to suit in federal court under the Rehabilitation Act if they accept[] federal Rehabilitation Act funds"); *Clark v. California*, 123 F.3d 1267, 1271 (9th Cir. 1997) ("[T]he Rehabilitation Act manifests a clear intent to condition a state's participation on its consent to waive its Eleventh Amendment immunity."); *see also Litman v. George Mason Univ.*, 186 F.3d 544, 554 (4th Cir. 1999) ("[T]he plain meaning of § 2000d-7(a)(1) . . . is, by accepting Title IX funding, a state agrees to waive its Eleventh Amendment immunity.").  *But see Sossamon v. Texas*, 131 S. Ct. 1651, 1662–63 (2011) (rejecting expansive interpretation of the residual clause).

Plaintiff correctly notes that § 2000d-7 is an unambiguous waiver of a state's sovereign immunity.  *Lane*, 518 U.S. at 200 (noting "the care with which Congress responded to [the] decision in *Atascadero* by crafting an unambiguous waiver of the States' Eleventh Amendment immunity in [42 U.S.C. § 2000d–7]").  Plaintiff alleges that the Board of Trustees is a recipient of federal funding and is therefore subject to the equalization provision of the Rehabilitation Act

1   Amendments of 1986. FAC ¶¶ 11–16. The Board does not deny the University's receipt of federal

2   funds, and on a motion to dismiss the Court takes Plaintiff's allegation of federal funding as true.

3   *See Manzarek*, 519 F.3d at 1031. On its face, the FAC adequately alleges that the Board of

4   Trustees voluntarily waived its sovereign immunity to Plaintiff's claims under the Age

5   Discrimination Act by accepting federal educational funds.[4]

6   Defendants rely on *Douglas v. California Department of Youth Authority* and *Lovell v.*

7   *Chandler*, 303 F.3d 1039 (9th Cir. 2002), to contend that § 2000d-7 did not waive their sovereign

8   immunity under the Age Discrimination Act. Defendants argue that § 2000d-7 applies only where

9   a state accepts federal funds provided under a designated act, and that act specifically conditions

10  funds on a waiver of sovereign immunity. MTD at 7. They contend that the *Douglas* and *Lovell*

11  decisions rested on the fact that California and Hawaii had accepted funds under the Rehabilitation

12  Act, and that the plaintiffs brought suit pursuant to § 504 of the Rehabilitation Act. *See Douglas*,

13  271 F.3d at 819; *Lovell*, 303 F.3d at 1051. From that fact, Defendants extrapolate that they could

14  not have waived their sovereign immunity under the Age Discrimination Act of 1975, because

15  unlike the Rehabilitation Act, the Age Discrimination Act "does not contain any provision

16  providing funding to states to implement the Act." MTD at 7. The parties offer no authority

17  addressing this issue in the context of the Age Discrimination Act, and the Court has found no such

18  cases. However, the Court concludes that Defendants' extrapolation, while superficially appealing,

19  is untenable in light of the statutory text.

20  First, nothing in the plain language of § 2000d-7 distinguishes between actions brought

21  under § 504 of the Rehabilitation Act, Title IX of the Education Amendments ("Title IX"), Title VI

22  of the Civil Rights Act ("Title VI"), and the Age Discrimination Act. Defendants cite no statutory

23  support for their conclusion that a claim arising under one of these four acts defeats a state's

24  sovereign immunity defense only if the individual act provides federal funding to implement the

---

[4] While Defendants do not raise this argument, the Court acknowledges that Plaintiff's allegations could have been more specific. However, the Court also liberally construes Plaintiff's pro se pleadings and finds that they adequately notify Defendants of the factual basis for his legal allegations against Defendants. *See Resnick*, 213 F.3d at 447. Defendants have not denied their receipt of federal funds, or provided any judicially noticeable documents supporting their claim that the University does not receive Department of Education funding subject to the Age Discrimination Act.

9

Case No.: 13-CV-04948-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

act itself. It is true that the Rehabilitation Act does specifically provide federal funding for designated programs and activities. *See* 29 U.S.C. §§ 794b, 794e. While Defendants correctly note that the Age Discrimination Act does not specifically fund designated programs and activities, they fail to note that neither Title IX nor Title VI specifically fund designated programs or activities. Rather, the three acts forbid discrimination on the basis of an identified characteristic in any program or activity receiving federal financial assistance. *See* 42 U.S.C. § 2000d ("No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."); 20 U.S.C. § 1681(a) ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ."); 42 U.S.C. § 6102 ("Pursuant to regulations . . . and except as [otherwise] provided . . . no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance."). Congress unequivocally expressed its intent to condition receipt of federal assistance on a waiver of sovereign immunity under the Rehabilitation Act, Title IX, Title VI, and the Age Discrimination Act. *See Clark*, 123 F.3d at 1271. Under Defendants' theory, Congress's carefully crafted waiver would apply to only one of the four enumerated statutes, because only one provides funding for its own implementation. The Court finds no statutory support for this overly narrow interpretation and concludes it is contrary to Congress's clearly stated intent.

Second, the Court finds that the Age Discrimination Act itself, like Title IX and Title VI, explicitly conditions the receipt of federal educational funding upon a waiver of sovereign immunity. In addressing § 2000d-7 in the Title IX context, the Fourth Circuit held that the defendant, George Mason University, voluntarily and knowingly waived its sovereign immunity defense by applying for Title IX funding from the Department of Education. *See Litman*, 186 F.3d at 553–54; *see also Pederson v. La. St. Univ.*, 213 F.3d 858, 876 (5th Cir. 2000) ("[I]n 42 U.S.C. § 200d-7(a)(a) Congress has successfully codified a statute which clearly, unambiguously, and

10
Case No.: 13-CV-04948-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

1    unequivocally conditions receipt of federal funds under Title IX on the State's waiver of Eleventh
2    Amendment Immunity."); *Cherry v. Univ. of Wisc. Sys. Bd. of Regents*, 265 F.3d 541, 555 (7th Cir.
3    2001) ("Thus, we agree with the Fourth and Fifth Circuits that by enacting 42 U.S.C. § 2000d–7(a),
4    Congress clearly and unambiguously manifested its intent to condition the States' receipt of Title
5    IX funds on their waiver of immunity from suit."). For Title IX, Title VI, and the Age
6    Discrimination Act, the relevant Department of Education regulations require that applicants for
7    federal financial assistance provide a written assurance that the educational programs or activities
8    will be in compliance with the regulations prohibiting discrimination on the basis of sex, race, and
9    age. *See* 34 C.F.R. § 106.4 (Title IX); 34 C.F.R. § 100.4 (Title VI); 34 C.F.R. § 110.23 (Age
10   Discrimination Act). These required assurances "unequivocally put [the defendant] on notice" that
11   it may not discriminate on the basis of sex, race, or age, and that it has waived their sovereign
12   immunity defense in a suit brought under these statutes. *See Litman*, 186 F.3d at 553. Plaintiff
13   alleges that the University receives federal educational funds. In light of the Department of
14   Education's regulatory scheme for such federal assistance, the Court infers from Plaintiff's
15   allegation that the Board has allegedly applied for and received federal educational funding that is
16   subject to a written assurance that the University shall not discriminate on the basis of age. Under
17   this set of alleged facts, the Board of Trustees may not contend it did not voluntarily or knowingly
18   waive its sovereign immunity.
19         Taking Plaintiff's allegation that Defendants receive federal education funding as true, the
20   Court concludes that he has sufficiently plead facts supporting the claim that the Board of Trustees
21   waived its sovereign immunity defense as to his claims under the Age Discrimination Act. The
22   Court therefore DENIES Defendants' motion to dismiss this claim against the Board of Trustees.

### 2. Eleventh Amendment Immunity to IIED Claim

24   As an initial matter, the Court notes it is not clear from the pleadings whether Plaintiff
25   alleges the Board of Trustees is liable under his IIED claim. Nonetheless, § 2000d-7 only waives
26   the Board of Trustee's sovereign immunity under the four enumerated statutes (e.g., the
27   Rehabilitation Act, Title IX, Title VI, and the Age Discrimination Act) and other federal laws. The
28   Ninth Circuit has previously held that while the California Tort Claims Act waives state immunity

11
Case No.: 13-CV-04948-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

to state law tort claims under certain circumstances, it does not explicitly waive Eleventh Amendment immunity in federal court. See *Riggle v. California*, 577 F.2d 579, 585–86 (9th Cir. 1978). Plaintiff's IIED claim is solely for damages and therefore outside the scope of the *Ex parte Young* doctrine, which only applies to claims for prospective injunctive relief. *See Seminole Tribe of Fla.*, 517 U.S. at 45. Even if Plaintiff pled an exception, however, the Court concludes below that Plaintiff's IIED claim fails as a matter of law. Accordingly, because Plaintiff has failed to allege an applicable exception to sovereign immunity under the Eleventh Amendment for his state law tort claim, and for the reasons discussed below, the Court dismisses this claim against the Board of Trustees with prejudice.

### B.     Defendant Albee

Plaintiff asserts federal and state law claims against Defendant Albee. FAC ¶¶ 57–66. For the reasons set forth below, the Court concludes that Plaintiff fails to state a claim for violations of federal law against Albee. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's federal claims as to Albee.

#### 1.     Age Discrimination Act of 1975 ("ADA") Claim

In both Plaintiff's original Complaint and FAC, Plaintiff alleges that Albee violated the Age Discrimination Act of 1975 by denying Plaintiff admission to the CLS Training Program because of Plaintiff's age. *See* ECF No. 1 at 5; FAC ¶ 58.

In this Court's previous order granting Defendant's motion to dismiss, the Court held that Plaintiff may not sue Albee individually under the Age Discrimination Act and dismissed that claim against Albee with prejudice. May 20, 2014 Order at 9–10. This holding still stands and thus Plaintiff's Age Discrimination Act claim is dismissed again with prejudice. Plaintiff shall not assert this dismissed claim in a second amended complaint.

#### 2.     42 U.S.C. § 1983 Claim (Denial of Equal Protection and Due Process)

Plaintiff alleges that Albee violated § 1983 by "violating Plaintiff's rights to equal protection of the laws and to due process of law under the Fourteenth Amendment" by denying Plaintiff access to "professional re-training." FAC ¶ 60. The Court dismissed this claim with prejudice in its previous order, finding that the Age Discrimination Act has a comprehensive

1   remedial scheme that precludes use of § 1983. May 20, 2014 Order at 12–15. Plaintiff argues,
2   however, that the Court did not address his due process claim in its last order. FAC ¶ 41. The
3   Court did not address Plaintiff's claim that Defendants deprived him of his alleged property interest
4   in "professional retraining" without due process because Plaintiff did not make that allegation in
5   his original Complaint. In his original Complaint, Plaintiff made the bare allegation that
6   Defendants violated his Fourteenth Amendment right to due process without any further
7   explanation. While Plaintiff could not add new claims without leave of Court, the Court declines
8   to treat Plaintiff's newly articulated due process claim as wholly separate from his prior invocation
9   of the Due Process Clause of the Fourteenth Amendment. The Court is mindful of Plaintiff's pro
10  se status and construes his pleadings and briefing liberally. *See Balistreri*, 901 F.2d at 699. The
11  Court therefore gives the Plaintiff the benefit of the doubt and addresses the merits of his due
12  process claim.

13  While Plaintiff's newly articulated due process claim may well be covered by the Court's
14  previous analysis in the May 20, 2014 Order, as currently alleged the claim does not appear to rely
15  on the Age Discrimination Act.[5] The Court therefore addresses Plaintiff's due process claim
16  below.

17  As a threshold matter, the procedural guarantees of the Due Process Clause of the
18  Fourteenth Amendment apply only when a constitutionally protected liberty or property interest is
19  at stake. *See Johnson v. Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1029 (9th Cir. 2010)
20  ("To succeed on a substantive or procedural due process claim, the plaintiffs must first establish
21  that they were deprived of an interest protected by the Due Process Clause."); *Neal v. Shimoda*,
22  131 F.3d 818, 827–28 (9th Cir. 1997). In determining whether an interest triggers constitutional
23  protection, the Court must "look not to the 'weight' but to the nature of the interest at state." *Bd. of*
24  *Regents of St. Colls. v. Roth*, 408 U.S. 564, 570–71 (1972). "To have a property interest in a
25  benefit, a person clearly must have more than an abstract need or desire for it. He must have more

---

[5] Defendants assume that Plaintiff's due process claim is based on the Age Discrimination Act. However, because Plaintiff has claimed a protected property interest in admission to the CLS Training Program, Plaintiff's due process claim appears to be analytically distinct from his age discrimination claim.

13
Case No.: 13-CV-04948-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* at 577; *see also Merritt v. Mackey*, 827 F.2d 1368, 1370–71 (9th Cir. 1987). "Protected property interests are not created by the Constitution[, but r]ather ... they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Johnson*, 623 F.3d at 1030 (9th Cir. 2010) (internal quotation marks omitted). Once a court determines a protected interest is at stake, it applies the three-factor balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976): (1) the private interest at stake; (2) the "risk of erroneous deprivation of such interest through the procedures used, and probable value, if any, of . . . substitute procedural safeguards"; and (3) the government's interest. *Id.* at 335.

The Court finds that Plaintiff has failed to allege a protected property interest. Plaintiff alleges that "[a]n admission to the taxpayer-funded CSU and professional retraining was the Plaintiff's property that he was deprived of." FAC ¶ 42. However, Plaintiff pleads no facts showing that University regulations, state law, or any other independent source created a legitimate claim of entitlement to admission to the program. *See Johnson*, 623 F.3d at 1030; *Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361, 366–67 (9th Cir. 1976) ("[T]here must exist rules or understandings which allow the claimant's expectations to be characterized as a legitimate claim of entitlement to (the benefit).") (internal quotation marks omitted). The allegations that Plaintiff had "excellent recommendations" and an "exceptional" GPA are insufficient to show that Plaintiff had more than a "unilateral expectation" of admission to the program. FAC ¶ 51. Because Plaintiff has not satisfied the threshold requirement of showing a protected interest, the Court does not reach the question of whether Defendants provided adequate procedural safeguards.

While Plaintiff pleads insufficient facts to show any legitimate entitlement to admission to the CLS program, the Court finds that amendment would not necessarily be futile. The Court therefore dismisses Plaintiff's due process claim without prejudice.

### 3. Section 1985(3) Claim

In this Court's previous order, the Court granted Defendant's motion to dismiss with respect to Plaintiff's § 1985(3) civil conspiracy claim. *See* May 20, 2014 Order at 15–16. In making this determination, the Court found that Plaintiff had failed to "allege additional facts from

14
Case No.: 13-CV-04948-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

which a conspiracy can be plausibly inferred under Section 1985(3)." *Id.* at 16. The Court, however, dismissed the claim with leave to amend to allow Plaintiff the opportunity to allege additional facts to cure the deficiency identified above. *Id.*

Section 1985(3) prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." *See* 42 U.S.C. § 1985(3); *Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971). A claim for violation of Section 1985(3) requires the existence of a conspiracy and an act in furtherance of the conspiracy. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citing *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992)). A mere allegation of conspiracy is insufficient to state a claim. *Id.* at 676–77. Allegations that identify "the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose," *Marchese v. Umstead*, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000), and allegations that identify "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of . . . constitutional rights," *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir.1997), have been held to be sufficiently particular to properly allege a conspiracy.

As to Plaintiff's alleged conspiracy, Plaintiff's allegations that Albee and other university employees decided that Plaintiff was not suitable for admission to the CLS program because of his age are insufficient to allege that a conspiracy existed. *See Twombly*, 550 U.S. at 567 (holding that "an allegation of parallel conduct and a bare assertion of conspiracy" are insufficient to plead antitrust conspiracy). Even construing Plaintiff's pro se allegations broadly, Plaintiff has not alleged sufficient specific facts regarding the alleged conspiracy, including: (1) a specific agreement between university employees and Albee; (2) the scope of the conspiracy; (3) the role of Albee and the university employees in the conspiracy; (4) whether the denial of Plaintiff's admission to the CLS Training Program was in furtherance of that conspiracy; (5) how the conspiracy operated; and (6) when the conspiracy operated. *See Lacey v. Maricopa*, 693 F.3d 896, 937 (9th Cir. 2012) (conspiracy allegations insufficient when plaintiff did not plead the scope of the conspiracy, what role the defendant had, or when and how the conspiracy operated).

1    Moreover, even if Plaintiff had sufficiently pled his conspiracy claim, it is not cognizable

2    under § 1985 because the Age Discrimination Act has its own comprehensive remedial structure.

3    *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979); *Sauter v. Nevada*, 142

4    F.3d 445, at *1 (9th Cir. April 23, 1998) (age and disability claims). Section 1985(3) is a vehicle

5    for enforcing federal rights, but does not actually create any substantive rights. *Novotny*, 442 U.S.

6    at 372. Where a statute both creates a right and provides a remedial structure, a plaintiff may not

7    use § 1985(3) to circumvent the statutory enforcement scheme. *See id.* at 372–78. As the Court

8    previously found, the Age Discrimination Act has a comprehensive remedial scheme. *See* May 20,

9    2014 Order at 13–15. Because Plaintiff's conspiracy allegations are based on violations of the Age

10   Discrimination Act, which has its own comprehensive enforcement scheme, he may not use

11   § 1985(3) as an alternative mechanism to enforce his rights.

12   Plaintiff cannot bring his age discrimination claims under § 1985(3). The Court therefore

13   dismisses the claim with prejudice because any amendment would be futile. *Carvalho*, 629 F.3d at

14   892–93.

### 4.  IIED Claim

16   The Court previously declined to exercise supplemental jurisdiction over Plaintiff's state

17   law IIED claim because the Court dismissed all of the federal bases for jurisdiction.[6] Plaintiff's

18   IIED claim is comprised of the conclusory allegation that Defendants' conduct was "extreme,

19   unreasonable and outrageous," that Defendants "intended or recklessly disregarded the foreseeable

20   risk that Plaintiff would suffer extreme emotional distress," and that "Plaintiff suffered severe

21   emotional distress, pain and suffering, fear, anxiety, embarrassment, discomfort and

22   humiliation . . . ." FAC ¶ 66.

23   To allege a claim of intentional infliction of emotional distress under California law, a

24   plaintiff must show "(1) extreme and outrageous conduct by the defendant with the intention of

25   causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's

26   suffering severe or extreme emotional distress; and (3) actual and proximate causation of the

---

[6] The Court also declined to exercise supplemental jurisdiction over Plaintiff's Bane Act and FEHA claims. As Plaintiff did not include those claims in the FAC, the Court does not reach those state law claims.

1     emotional distress by the defendant's outrageous conduct . . . . Conduct to be outrageous must be so
2     extreme as to exceed all bounds of that usually tolerated in a civilized community. The defendant
3     must have engaged in conduct intended to inflict injury or engaged in with the realization that
4     injury will result." *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819 (Cal. 1993) (internal
5     quotation marks and citations omitted).

6           Simply put, Plaintiff alleges insufficient facts to support his IIED claim against Defendant
7     Albee.  Plaintiff does not allege facts showing his severe mental or emotional distress—the
8     conclusory allegation that he suffered emotional distress is insufficient. *See Steel v. City of San
9     Diego*, 726 F. Supp. 2d 1172, 1191–92 (S.D. Cal. 2010).  Plaintiff makes only three factual
10    allegations specific to Albee: (1) that she informed him on March 19, 2013 that he was denied
11    admission to the program for failing to timely submit a transcript; (2) that she and other employees
12    "assembled, communicated and finally decided that Plaintiff [was] not suitable for the CLS
13    program because of his age,"; and (3) that she sent Plaintiff a "laconic e-mail . . . informing him
14    that he 'did not meet the criteria for selection into the CLS program.'"  FAC ¶¶ 52, 54–55.  Of
15    these, only the second factual allegation even vaguely asserts some allegedly wrongful behavior.
16    Even that allegation, however, does not show outrageous conduct because it is not "of a nature
17    which is especially calculated to cause . . . mental distress." *Agarwal v. Johnson*, 603 P. 2d 58, 67
18    (Cal. 1979), *disapproved of on other grounds*, *White v. Ultramar, Inc.*, 981 P.2d 844 (Cal. 1999).
19    A "laconic e-mail" without more is insufficient to show outrageous conduct.

20          Moreover, Defendants correctly argue that the only conduct Plaintiff has alleged is that
21    Defendants denied his application for admission to the CLS program.  Defendant Albee is
22    obligated to deny admission to certain applicants as a function of her duties as a university
23    administrator.  In *Janken v. GM Hughes Elecs.*, 53 Cal. Rptr. 2d 741, 756 (Ct. App. 1996), a
24    California Court of Appeal held that routine, necessary personnel management decisions such as
25    hiring and firing, even if improperly motivated, are not outrageous as a matter of law.  Another
26    California Court of Appeal applied this rationale to the university admissions context, holding that
27    an allegedly race-based admissions decision was not outrageous as a matter of law.  *See Regents of
28    Univ. of Cal. v. Superior Ct.*, No. A096423, 2002 WL 120818, at *3–6 (Cal. Ct. App. Jan. 30,

17
Case No.: 13-CV-04948-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

2002). The *Regents of University of California* Court concluded that the alleged improper motive for the decision did "not alter the basic nature of the conduct alleged," and that an IIED claim requires outrageous conduct, not an outrageous motive. *Id.* at *5. Any improper motive was properly the subject of a discrimination claim, not an IIED claim. *See id.* at *3. Like in *Regents of University of California*, Plaintiff here has failed to allege that "the decision to reject his application was implemented or communicated to him in an outrageous manner." *See id.* Plaintiff's IIED claim therefore fails as a matter of law.

Accordingly, Plaintiff's IIED claim against Defendant Albee is dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss as follows:

(1) The Court DENIES Defendants' motion to dismiss Plaintiff's Age Discrimination Act claim against the Board of Trustees;

(2) The Court GRANTS Defendants' motion to dismiss Plaintiff's IIED claim against the Board of Trustees with prejudice;

(3) The Court GRANTS Defendants' motion to dismiss Plaintiff's due process claim against Albee with leave to amend;

(4) The Court GRANTS Defendants' motion to dismiss Plaintiff's equal protection, § 1985, IIED, and Age Discrimination Act claims with prejudice.

Should Plaintiff elect to file a second amended complaint addressing the deficiencies discussed as to Plaintiff's due process claim against Defendant Albee, Plaintiff shall do so within 14 days of the date of this Order. Plaintiff's failure to meet the 14-day deadline to file a second amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal of Plaintiff's due process claim against Defendant Albee with prejudice.

Plaintiff should not include any claims dismissed with prejudice in a second amended complaint. Plaintiff may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. Plaintiff may include Plaintiff's

surviving Age Discrimination Act claim against Defendant Board of Trustees in a second amended complaint.

**IT IS SO ORDERED.**

Dated: September 29, 2014

_____
LUCY H. KOH
United States District Judge

Case No.: 13-CV-04948-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS