1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    NORTHERN DISTRICT OF CALIFORNIA

10    SAN JOSE DIVISION

11

<table>
<tr><td>12</td><td>GREGORY NICHOLAS STESHENKO,</td><td>Case No.:13-cv-04948-LHK</td></tr>
<tr><td>13</td><td>Plaintiff,</td><td>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**</td></tr>
<tr><td>14</td><td>v.</td><td></td></tr>
<tr><td>15</td><td>GERALDINE M. ALBEE, et al.,</td><td>Re: Dkt. No. 46</td></tr>
<tr><td>16</td><td>Defendants.</td><td></td></tr>
</table>

17

18    Plaintiff Gregory Nicholas Steshenko ("Plaintiff") brings this action for age discrimination

19 based on not being admitted to a graduate program at San Francisco State University. Defendant

20 Geraldine Albee ("Defendant" or "Albee") moves to dismiss Plaintiff's due process claim

21 pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 33. Having considered the parties'

22 briefs, the relevant law, and the record in this case, the Court hereby GRANTS Defendant's

23 motion to dismiss.

24    I.    **BACKGROUND**

25    Plaintiff is a 52-year-old unemployed electrical engineer seeking to re-enter the job market

26 through professional re-training. Second Am. Compl. ("SAC"), ECF No. 45, ¶ 17. In addition to a

27

28
1

United States District Court
Northern District of California

Master of Science degree in Electrical Engineering, Plaintiff earned a Bachelor of Science degree in Biochemistry and Molecular Biology from the University of California, Santa Cruz, in 2010. *Id.*

On October 22, 2012, Plaintiff applied to the Clinical Laboratory Scientist ("CLS") Training Program at San Francisco State University. *Id.* ¶ 22. The CLS Training Program is a one-year academic program combining theoretical training with an internship at a participating clinical laboratory. *Id.* ¶ 18. On March 19, 2013, Plaintiff was notified that his application was denied due to his late submission of his transcript and that he would not be invited for an interview. *Id.* ¶ 23. On June 12, 2013, Plaintiff subsequently reapplied for the spring semester, to begin coursework in 2014. *Id.* ¶¶ 23–24. According to Plaintiff, sometime during July 2013 or August 2013, Defendant Albee and other university employees "assembled, communicated and finally decided that Plaintiff [was] not suitable for the CLS program because of his age, and therefore should not be invited to an admissions interview." *Id.* ¶ 25 On August 28, 2013, Plaintiff was notified that his application was denied because "he did not meet the criteria for selection into the CLS program." *Id.* ¶ 26. According to Plaintiff, much younger applicants, in their 20s, with much more inferior academic credentials and work experience, were invited for interviews and subsequently admitted to the program. *Id.* Accordingly, Plaintiff concluded that he was discriminated on the grounds of age. In making this conclusion, Plaintiff also alleges that "[n]o persons of the protected age have ever been admitted to . . . this program" and that "[t]he age discrimination is rampant." *Id.* ¶ 21.

Plaintiff alleges that he filed a timely administrative claim with the California State University Chancellor's Office. *Id.* ¶ 8. However, Plaintiff's claims were denied. *Id.* Plaintiff also alleges that he gave timely notices of the instant action to Defendants, the Secretary of Health and Human Services, and the Attorney General of the United States. *Id.* ¶ 9.

On October 24, 2013, Plaintiff filed an original Complaint against Defendants. ECF No. 1. On March 26, 2014, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). ECF No. 14. That same day, Defendants amended the motion to dismiss. ECF No. 15. After the Court granted Plaintiff's motion to extend time to file a response to the motion to dismiss, on April 17, 2014,

United States District Court
Northern District of California

2

Case No.: 13-CV-04948-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1    Plaintiff filed an opposition. ECF No. 20 . On April 23, 2014, Defendants filed a reply. ECF No.

2    21. The Court held a hearing on May 15, 2014. Plaintiff filed a supplemental letter brief on May

3    16, 2014. ECF No. 23.

4    　　　　On May 20, 2014, the Court granted Defendant's motion to dismiss. ECF No. 29. In the

5    order, the Court granted Defendants' motion to dismiss all of Plaintiff's claims against the Board

6    of Trustees and Plaintiff's § 1985(3) claim against Albee with leave to amend. ("May 20, 2014

7    Order"), ECF No. 29 at 17. The Court also granted Defendants' motion to dismiss Plaintiff's

8    Fourteenth Amendment due process and equal protection claims against Albee; Plaintiff's Age

9    Discrimination Act claim against Albee; and Plaintiff's Age Discrimination in Employment Act

10   claim against Albee with prejudice. May 20, 2014 Order at 17. Finally, the Court declined to

11   exercise supplemental jurisdiction over Plaintiff's remaining state law claims and thus granted

12   Defendants' motion to dismiss Plaintiff's state law claims—FEHA claim, Bane Act claims, and

13   IIED claim. May 20, 2014 Order at 17.

14   　　　　On May 31, 2014, Plaintiff filed an Amended Complaint against Defendants. ECF No. 31.

15   Plaintiff filed a corrected First Amended Complaint on June 29, 2014. ("FAC"), ECF. No. 34. On

16   June 16, 2014, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). ("MTD"), ECF No.

17   33, which Plaintiff opposed on June 29, 2014, ("Opp'n"), ECF No. 35. On July 10, 2014,

18   Defendants filed a reply. ("Reply"), ECF No. 36.

19   　　　　On September 29, 2014, the Court granted in part and denied in part Defendants' motion to

20   dismiss. ECF No. 41. The Court dismissed with prejudice all of Plaintiff's claims against

21   Defendant Board of Trustees with the exception of Plaintiff's Age Discrimination Act claim. The

22   Court granted leave to amend only with respect to Plaintiff's due process claim against Defendant

23   Albee. The Court dismissed with prejudice the remainder of Plaintiff's claims against Defendant

24   Albee.

25   　　　　On October 14, 2014, Plaintiff filed his SAC. ECF No. 45. Defendant Board of Trustees

26   filed its answer on October 27, 2014. ECF No. 47. That same day, Defendant Albee filed the

27

28
Case No.: 13-CV-04948-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1   instant motion to dismiss. ECF No. 46. Plaintiff filed an opposition on November 11, 2014, ECF

2   No. 48, and Albee filed a reply on November 18, 2014, ECF No. 49.

3   **II.       LEGAL STANDARD**

4       **A.       Motion to Dismiss Under Rule 12(b)(6)**

5       Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

6   short and plain statement of the claim showing that the pleader is entitled to relief." A complaint

7   that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure

8   12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to

9   state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

10  (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

11  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

12  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability

13  requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."

14  *Id*. (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court

15  "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light

16  most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

17  1025, 1031 (9th Cir. 2008). Moreover, pro se pleadings are to be construed liberally. *Resnick v.*

18  *Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[I]n general, courts must construe pro se pleadings

19  liberally.").

20      However, a court need not accept as true allegations contradicted by judicially noticeable

21  facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look

22  beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

23  motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

24  Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in

25  the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per

26  curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere

27

28

United States District Court
Northern District of California

4

Case No.: 13-CV-04948-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

"conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks omitted).

### B.     Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.    DISCUSSION

In the instant motion, Albee argues that Plaintiff has failed to adequately allege facts showing a protected property or liberty interest, and that Defendant is entitled to qualified immunity. The Court concludes that Plaintiff has once again failed to allege the existence of a

United States District Court
Northern District of California

United States District Court
Northern District of California

1  protected property interest. As such, the Court does not reach Albee's qualified immunity defense.

2  In the Court's September 29, 2014 order granting in part and denying in part Defendants'

3  motion to dismiss, the Court dismissed without prejudice Plaintiff's due process claim against

4  Defendant Albee. Plaintiff alleged that his denial of admission to the CLS program constituted a

5  deprivation of a property interest. FAC ¶ 62. More specifically, the Court found that Plaintiff pled

6  "no facts showing that University regulations, state law, or any other independent source created a

7  legitimate claim of entitlement to admission to the program." ECF No. 41, at 14. While the Court

8  found that Plaintiff had failed to allege a protected property interest, the Court granted leave to

9  amend as amendment would not necessarily be futile. *Id.*.

10  The procedural guarantees of the Due Process Clause of the Fourteenth Amendment apply

11  only when a constitutionally protected liberty or property interest is at stake. *See Johnson v.*

12  *Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1029 (9th Cir. 2010) ("To succeed on a

13  substantive or procedural due process claim, the plaintiffs must first establish that they were

14  deprived of an interest protected by the Due Process Clause."); *Neal v. Shimoda*, 131 F.3d 818,

15  827–28 (9th Cir. 1997). In determining whether an interest triggers constitutional protection, the

16  Court must "look not to the 'weight' but to the nature of the interest at state." *Bd. of Regents of St.*

17  *Colls. v. Roth*, 408 U.S. 564, 570–71 (1972). "To have a property interest in a benefit, a person

18  clearly must have more than an abstract need or desire for it. He must have more than a unilateral

19  expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* at 577; *see*

20  *also Merritt v. Mackey*, 827 F.2d 1368, 1370–71 (9th Cir. 1987). "Protected property interests are

21  not created by the Constitution[, but r]ather . . . they are created and their dimensions are defined

22  by existing rules or understandings that stem from an independent source such as state law."

23  *Johnson*, 623 F.3d at 1030 (9th Cir. 2010) (internal quotation marks omitted). Once a court

24  determines a protected interest is at stake, it applies the three-factor balancing test outlined in

25  *Mathews v. Eldridge*, 424 U.S. 319 (1976): (1) the private interest at stake; (2) the "risk of

26  erroneous deprivation of such interest through the procedures used, and probable value, if any, of .

27

28

6

1   . . substitute procedural safeguards"; and (3) the government's interest. *Id.* at 335.

2        Here, the Court finds that Plaintiff has once more failed to allege facts showing that he has

3   a protected property or liberty interest in admission to the CLS program. In his SAC, Plaintiff

4   again alleges that Albee violated Plaintiff's due process rights under the Fourteenth Amendment.

5   Plaintiff pleads that as a "long-term unemployed" individual, "professional retraining and re-entry

6   of the workforce is a quest for his constitutionally guaranteed rights to '[l]ife, [l]iberty and the

7   pursuit of [h]appiness.'" SAC ¶ 35. Plaintiff further alleges that California State University

8   ("CSU") received $5 billion dollars in funding from the American Recovery and Reinvestment

9   Act, Workforce Investment Act, and Workforce Innovation and Opportunities Act. *Id.* ¶ 37.

10  According to Plaintiff, "access to the professional retraining funded by these acts constitutes

11  Plaintiff's right and property." SAC ¶ 38. As Defendant notes, none of these statutes creates an

12  entitlement to admission to the CLS program. *See* Motion at 5; *see also Johnson*, 623 F.3d at

13  1030; *Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361, 366–67 (9th Cir. 1976) ("[T]here must

14  exist rules or understandings which allow the claimant's expectations to be characterized as a

15  legitimate claim of entitlement to (the benefit).") (internal quotation marks omitted).

16       Other than Plaintiff's allegation that CSU received federal funding, Plaintiff does not

17  allege that the funding statutes imposed conditions or otherwise created any specific entitlement

18  for Plaintiff to be admitted to the CLS program. Plaintiff identifies no specific provision of the

19  American Recovery and Reinvestment Act, Workforce Investment Act, or Workforce Innovation

20  and Opportunities Act[1] that supports his argument that he has a protected property or liberty

21  interest. The claim that Congress "enacted the . . . acts that intend to retrain the unemployed," is

22  insufficient to show that Plaintiff has a legal entitlement to admission to the CLS program.

23  Contrary to Plaintiff's assertions, the mere existence of federal funding does not create a protected

24  property interest.

25

26  ────────────────

    [1] Additionally, as Defendant correctly notes, the Workforce Innovation and Opportunities Act was

27  not enacted until 2014, and therefore subsequent to any of the events forming the basis of
    Plaintiff's claims. *See* Motion at 6.

28

1    In opposition to Defendant's motion to dismiss, Plaintiff cites California Education Code

2    § 66201. *See* Opp. at 2. Section 66201 provides:

3         It is the intent of the Legislature that each resident of California
          who has the capacity and motivation to benefit from higher
4         education should have the opportunity to enroll in an institution of
          higher education. Once enrolled, each individual should have the
5         opportunity to continue as long and as far as his or her capacity and
          motivation, as indicated by academic performance and commitment
6         to educational advancement, will lead him or her to meet academic
          standards and institutional requirements.

7
          The Legislature hereby reaffirms the commitment of the State of
8         California to provide an appropriate place in California public
          higher education for every student who is willing and able to benefit
9         from attendance.

10   According to Plaintiff, this statement of legislative intent is sufficient to create a legal entitlement

11   to admission to the CLS program. As Defendant argues, however, § 66201, a provision of the

12   Donahoe Higher Education Act, describes only the general policy goals related to higher education

13   in California. That the state legislature intended that all residents "should have the opportunity to

14   enroll in an institution of higher education," does not create a legal entitlement to admission. "A

15   reasonable expectation of entitlement is determined largely by the language of the statute and the

16   extent to which the entitlement is couched in mandatory terms." *Wedges/Ledges of Cal., Inc. v.*

17   *Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994) (internal quotation marks omitted). A statement of

18   legislative intent stating residents *should* have the *opportunity* to enroll in programs like CLS does

19   not involve "the use of the imperative," or otherwise provide a "significant substantive restriction

20   on the [Defendant's] discretion." *Id.* The Court therefore concludes that § 66201 does not create a

21   property interest in admission to graduate studies programs.

22        This conclusion is supported by § 66001 of the Donahoe Act, which provides that:

23        It is the intent of the Legislature to outline in statute the broad policy
          and programmatic goals of the master plan and clear, concise
24        statewide goals and outcomes for effective implementation of the
          master plan, attuned to the public interest of the people and State of
25        California, and to expect the system as a whole and the higher
          education segments to be accountable for attaining those goals.
26        However, consistent with the spirit of the original master plan and
          the subsequent updates, **it is the intent of the Legislature that the**

27

28

8

Case No.: 13-CV-04948-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

**governing boards be given ample discretion in implementing policies and programs necessary to attain those goals.**

Cal. Educ. Code § 66001 (emphasis added). Plaintiff may be correct that a "goal" of the Donahoe Act is to ensure that all residents of California have the opportunity to enroll in programs such as CLS. The existence of a "goal," however, especially in light of the "ample discretion" left to the program, is insufficient to create a property interest. *See Wedges/Ledges*, 24 F.3d at 62; *see also Doyle v. City of Medford*, 606 F.3d 667, 672–73 (9th Cir. 2010) ("A regulation granting broad discretion to a decision-maker does not create a property interest."). As Defendant notes, no court has interpreted § 66201 to impose a substantive restriction on the discretion of admissions bodies in making admissions decisions. At bottom, Plaintiff's argument appears to be that every resident of California has a property interest in admission to graduate studies programs, but the Court finds no support for that claim in § 66201 or any other authority Plaintiff cites.

The Court concludes that Plaintiff has once again failed to allege facts showing a protected property interest in admission to the CLS program. As showing a protected interest is a "necessary precondition" to a procedural due process claim, Plaintiff has failed to allege a due process claim. *See Roth*, 408 U.S. at 570–71; *Rhee v. City of Los Angeles*, 130 F. App'x 920, 921 (9th Cir. 2005). Furthermore, as the Court finds that Plaintiff has failed to state a procedural due process claim, the Court does not reach Defendant's qualified immunity defense.

Here, Plaintiff has been unable to identify any protected liberty or property interest in admission to the CLS program despite multiple opportunities to amend his complaint. Consequently, the Court concludes that amendment would be futile. *See Carvalho*, 629 F.3d at 892–93. The Court therefore dismisses Plaintiff's procedural due process claim with prejudice.

**IV. CONCLUSION**

For the reasons stated above, the Court GRANTS with prejudice Defendant's motion to dismiss Plaintiff's due process claim.

Case No.: 13-CV-04948-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1

**IT IS SO ORDERED.**

2

Dated: February 25, 2015

3

_Lucy H. Koh_

4

LUCY H. KOH
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

10

Case No.: 13-CV-04948-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE