United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY NICHOLAS STESHENKO,

      Plaintiff,

    v.

GERALDINE M. ALBEE, et al.,
      Defendants.

Case No.13-CV-04948-LHK

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING MOTION FOR RECONSIDERATION**

Before the Court are Plaintiff Gregory Steshenko's ("Plaintiff") motion for leave to file motion for reconsideration or, in the alternative, to file appeal in forma pauperis and motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). ECF Nos. 80, 81. Pursuant to Civil Local Rule 7–1(b), the Court finds these motions suitable for decision without oral argument and hereby VACATES the hearings set for September 10, 2015, at 1:30 p.m. Having considered Plaintiff's motions, the relevant law, and the record in this case, the Court hereby DENIES Plaintiff's motions.

Case No.13-CV-04948-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING MOTION FOR RECONSIDERATION

# I.      BACKGROUND

## A.  Factual Background

As a preliminary matter, Plaintiff has brought two related age-discrimination actions: *Steshenko v. Albee*, the instant case, and *Steshenko v. Gayrard*, No. 13-3400. In the instant case, Plaintiff alleges he suffered age discrimination in his application to San Francisco State University. On October 22, 2012, Plaintiff applied to the CLS Training Program at San Francisco State University. Second Am. Compl., ECF No. 45, ("SAC") ¶ 22. On March 19, 2013, Plaintiff was notified that his application was denied due to his late submission of his transcript and that he would not be invited for an interview. *Id.* ¶ 23. On June 12, 2013, Plaintiff subsequently reapplied for the spring semester, to begin coursework in 2014. *Id.* ¶¶ 23–24. According to Plaintiff, sometime during July 2013 or August 2013, Defendant Albee and other university employees "assembled, communicated and finally decided that Plaintiff [was] not suitable for the CLS program because of his age, and therefore should not be invited to an admissions interview." *Id.* ¶ 25 On August 28, 2013, Plaintiff was notified that his application was denied because "he did not meet the criteria for selection into the CLS program." *Id.* ¶ 26. According to Plaintiff, much younger applicants, in their 20s, with much more inferior academic credentials and work experience, were invited for interviews and subsequently admitted to the program. *Id.* Accordingly, Plaintiff concluded that he was discriminated on the grounds of age. In making this conclusion, Plaintiff also alleges that "[n]o persons of the protected age have ever been admitted to . . . this program" and that "[t]he age discrimination is rampant." *Id.* ¶ 21.

Plaintiff alleges that he filed a timely administrative claim with the California State University Chancellor's Office. *Id.* ¶ 8. However, Plaintiff's claim was denied. *Id.* Plaintiff also alleges that he gave timely notices of the instant action to Defendants, the Secretary of Health and Human Services, and the Attorney General of the United States. *Id.* ¶ 9.

## B.  Procedural History

On October 24, 2013, Plaintiff filed an original Complaint. ECF No. 1. On March 26,

2

2014, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). ECF No. 14. That same day, Defendants amended the motion to dismiss. ECF No. 15. After the Court granted Plaintiff's motion to extend time to file a response to the motion to dismiss, on April 17, 2014, Plaintiff filed an opposition. ECF No. 20. On April 23, 2014, Defendants filed a reply. ECF No. 21. The Court held a hearing on May 15, 2014. Plaintiff filed a supplemental letter brief on May 16, 2014. ECF No. 23.

On May 20, 2014, the Court granted Defendant's motion to dismiss. ECF No. 29. In the order, the Court granted with leave to amend Defendants' motion to dismiss all of Plaintiff's claims against the Board of Trustees and Plaintiff's § 1985(3) claim against Albee. ("May 20, 2014 Order"), ECF No. 29 at 17. The Court also granted with prejudice Defendants' motion to dismiss Plaintiff's Fourteenth Amendment due process and equal protection claims against Albee; Plaintiff's Age Discrimination Act claim against Albee; and Plaintiff's Age Discrimination in Employment Act claim against Albee. May 20, 2014 Order at 17. Finally, the Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and thus granted without prejudice Defendants' motion to dismiss Plaintiff's state law claims—FEHA claim, Bane Act claims, and IIED claim. May 20, 2014 Order at 17.

On May 31, 2014, Plaintiff filed an Amended Complaint against Defendants. ECF No. 31. Plaintiff filed a corrected First Amended Complaint on June 29, 2014. ("FAC"), ECF. No. 34. On June 16, 2014, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). ("MTD"), ECF No. 33, which Plaintiff opposed on June 29, 2014, ("Opp'n"), ECF No. 35. On July 10, 2014, Defendants filed a reply. ("Reply"), ECF No. 36.

On September 29, 2014, the Court granted in part and denied in part Defendants' motion to dismiss. ECF No. 41. The Court dismissed with prejudice all of Plaintiff's claims against Defendant Board of Trustees with the exception of Plaintiff's Age Discrimination Act claim. The Court dismissed with leave to amend Plaintiff's due process claim against Defendant Albee and dismissed with prejudice the remainder of Plaintiff's claims against Defendant Albee.

Case No.13-CV-04948-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING
MOTION FOR RECONSIDERATION

<div style="text-align: left; writing-mode: vertical-rl;">United States District Court<br>Northern District of California</div>

On October 14, 2014, Plaintiff filed his SAC. ECF No. 45. Defendant Board of Trustees filed its answer on October 27, 2014. ECF No. 47. That same day, Defendant Albee filed a motion to dismiss Plaintiff's due process claim. ECF No. 46. Plaintiff filed an opposition on November 11, 2014, ECF No. 48, and Albee filed a reply on November 18, 2014, ECF No. 49. On February 25, 2015, the Court granted with prejudice Albee's motion to dismiss Plaintiff's due process claim, leaving Plaintiff with only his claims against Defendant Board of Trustees. ECF No. 76.

On December 19, 2014, Defendant filed a motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 51. More specifically, Defendants moved to dismiss Plaintiff's action on the basis of apparent material omissions in Plaintiff's in forma pauperis applications. Plaintiff filed an opposition, ECF No. 55, and Defendants filed a reply, ECF No. 60. Defendants also filed requests for judicial notice, ECF Nos. 54, 61, and a motion for leave to file a supplemental reply brief, ECF No. 68. Plaintiff filed an opposition to Defendants' motion for leave to file a supplemental reply brief, ECF No. 69. On April 1, 2015, the Court granted Defendants' motion to dismiss pursuant to § 1915(e)(2). ECF No. 79.

On April 1, 2015, Plaintiff filed a motion for leave to file motion for reconsideration. ECF No. 80. On April 13, 2015, Plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 81. Defendants filed an opposition. ECF No. 82. Plaintiff filed a reply. ECF No. 83.

## II.    DISCUSSION

The gravamen of Plaintiff's argument is that the Court erred in granting Defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2). More specifically, Plaintiff challenges the Court's conclusion that Plaintiff deliberately concealed material information in Plaintiff's in forma pauperis applications ("IFP applications") on four separate occasions, requiring dismissal with prejudice under § 1915(e)(2). Plaintiff contends that the Court is biased, "lacks any solid factual background" for the Court's April 1, 2015 order, and otherwise disputes the merits of the Court's April 1, 2015 order. ECF No. 113 ("Mot."), at 3. Plaintiff seeks reconsideration of the Court's

Case No.13-CV-04948-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING
MOTION FOR RECONSIDERATION

1   April 1, 2015 order under Federal Rule of Civil Procedure 60(b).[1]

2     Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or

3   excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or

4   discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist.*

5   *No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal

6   quotation marks omitted). A motion for reconsideration "may not be used to relitigate old matters,

7   or to raise arguments or present evidence that could have been raised prior to the entry of

8   judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (referring to Rule 59(e));

9   *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259–61 (9th Cir. 2004) (referring to Rule

10  60(b)). Plaintiff does not specify on which subsection of Rule 60(b) Plaintiff relies as the basis for

11  his motion for reconsideration, but it appears that Plaintiff relies on Rule 60(b)(6), which is a

12  catchall provision that allows a court to grant reconsideration in an effort to prevent manifest

13  injustice. *See United States v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

14  "The rule is to be utilized only where extraordinary circumstances prevented a party from taking

15  timely action to prevent or correct an erroneous judgment." *Id.*

16    Although Plaintiff strongly disagrees with the Court's April 1, 2015 order granting

17  Defendants' motion to dismiss, the Court finds that Plaintiff has failed to show any circumstances

18  warranting relief under Rule 60(b). Plaintiff contends that the Court committed legal error in

19  concluding that Plaintiff maintains an ownership interest in his home, but does not explain how

20  any of Plaintiff's arguments in support of his motion for reconsideration differ from the arguments

21  that the Court rejected as unpersuasive in the April 1, 2015 order. "Mere disagreement with a

22  court's order does not provide a basis for reconsideration." *Durkee v. Ford Motor Co.*, No. 14-

23  0617, 2015 WL 1156765, at *2 (N.D. Cal. Mar. 13, 2015) (citing *McDowell v. Calderon*, 197 F.3d

---

[1] Plaintiff's motion for leave to file motion for reconsideration does not raise arguments distinct from those in Plaintiff's motion for reconsideration pursuant to Rule 60(b). Moreover, as the Court's April 1, 2015 order was not an interlocutory order, Plaintiff is not required to seek leave of Court before filing a motion for reconsideration. *See* Civ. L.R. 7–9(a). The Court therefore DENIES as moot Plaintiff's motion for leave to file motions for reconsideration.

Case No.13-CV-04948-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING MOTION FOR RECONSIDERATION

United States District Court
Northern District of California

1253 (9th Cir. 1999)). Plaintiff's arguments in the instant motion are repetitive of the arguments

Plaintiff raised in opposition to Defendants' motion to dismiss, which the Court addressed in the

April 1, 2015 order. Plaintiff has not identified any newly discovered evidence, fraud, a void or

satisfied judgment, or any mistake or excusable neglect that would be grounds for reconsideration

under Rule 60(b). As an aside, the Court notes that Plaintiff's continuing ad hominem attacks on

counsel for Defendants are not a basis for reconsideration under Rule 60(b).[2]

Furthermore, to the extent Plaintiff may be relying on Rule 60(b)(6)'s catchall provision,

the Court concludes that 60(b)(6) does not apply. Rule 60(b)(6) is a narrow exception that applies

where a party can "demonstrate both injury and circumstances beyond his control that prevented

him from proceeding with the prosecution or defense of the action in a proper fashion." *Comm.*

*Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). Here, however, Plaintiff does not

claim that he was unable to raise arguments in opposition to Defendants' motion that Plaintiff now

wishes the Court to review. To the contrary, Plaintiff filed an opposition to Defendants' motion to

dismiss and submitted exhibits in support of Plaintiff's opposition. Reviewing the parties'

submissions, the relevant law, and record in this case, the Court concluded that dismissal with

prejudice was warranted under § 1915(e)(2). The Court therefore finds that Plaintiff has not

---

[2] Plaintiff further contends that the Court is biased against pro se litigants because the Court submitted Defendants' motion to dismiss on the briefs. The Court has reviewed serial motions to dismiss, motions for interlocutory appeal, motions for reconsideration, and issued several case management orders in both *Steshenko v. Gayrard* and *Steshenko v. Albee*. *See generally* Case Nos. 13-3400, Dkt.; 13-4948, Dkt. For many of these motions, some of which resulted in favorable rulings for Plaintiff, the Court exercised its discretion to submit the motions without oral argument pursuant to Civil Local Rule 7–1(b) and Federal Rule of Civil Procedure 78. Moreover, the Court was not required to hold a hearing or oral argument before ruling on Defendants' motion to dismiss. *See Jacobs v. Lanterman Dev. Ctr.*, 64 F. App'x 98, 100 (9th Cir. 2003) (citing *Morrow v. Topping*, 437 F.2d 1155, 1156 (9th Cir. 1971) (per curiam)). The parties had fully briefed the motion, submitted exhibits, and the Court issued a 15-page order addressing the parties' contentions. *See* ECF No. 106. Plaintiff's disagreement with the Court's determination of Defendants' motion to dismiss is not evidence of judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal.").
Similarly, Plaintiff's contention that the Court should have granted Plaintiff's "request" for *in camera* review is unavailing. The Court did, in fact, review the exhibits that Plaintiff attempted to file under seal, and denied Plaintiff's motion to file under seal. *See* No. 13-3400, ECF No. 85.

Case No.13-CV-04948-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING
MOTION FOR RECONSIDERATION

identified any basis under Rule 60(b) that calls for reconsideration. A motion for reconsideration "may not be used to relitigate old matters," which is what, in essence, Plaintiff seeks to do. *See Baker*, 554 U.S. at 485 n.5. Accordingly, the Court DENIES reconsideration pursuant to Rule 60(b).

In the alternative, Plaintiff requests that the Court grant Plaintiff in forma pauperis status on appeal. As the Court has found that Plaintiff intentionally omitted material information from the previously approved IFP applications before this Court, ECF No. 79, the Court DENIES Plaintiff's request.

## III.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to file motion for reconsideration, motion for reconsideration pursuant to Rule 60(b), and request to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

Dated:

_____
LUCY H. KOH
United States District Judge

Case No.13-CV-04948-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING MOTION FOR RECONSIDERATION