UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>Plaintiff,<br><br>v.<br><br>GERALDINE M. ALBEE, et al.,<br>Defendants. | Case No. 13-CV-04948-LHK<br><br>**ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 85 |

Before the Court is Plaintiff Gregory Steshenko's ("Plaintiff") motion for leave to proceed in forma pauperis on appeal pursuant to Federal Rule of Appellate Procedure 24(a)(1). ECF No. 85. Having considered Plaintiff's motion, the relevant law, and the record in this case, the Court hereby DENIES Plaintiff's motion.

**I.  BACKGROUND**

   **A.  Factual Background**

As a preliminary matter, Plaintiff has brought two related age-discrimination actions: *Steshenko v. Albee*, the instant case, and *Steshenko v. Gayrard*, No. 13-3400. In the instant case, Plaintiff alleges he suffered age discrimination in his application to San Francisco State University. On October 22, 2012, Plaintiff applied to the CLS Training Program at San Francisco

State University. Second Am. Compl., ECF No. 45, ("SAC") ¶ 22. On March 19, 2013, Plaintiff was notified that his application was denied due to his late submission of his transcript and that he would not be invited for an interview. *Id.* ¶ 23. On June 12, 2013, Plaintiff subsequently reapplied for the spring semester, to begin coursework in 2014. *Id.* ¶¶ 23–24. According to Plaintiff, sometime during July 2013 or August 2013, Defendant Albee and other university employees "assembled, communicated and finally decided that Plaintiff [was] not suitable for the CLS program because of his age, and therefore should not be invited to an admissions interview." *Id.* ¶ 25 On August 28, 2013, Plaintiff was notified that his application was denied because "he did not meet the criteria for selection into the CLS program." *Id.* ¶ 26. According to Plaintiff, much younger applicants, in their 20s, with much more inferior academic credentials and work experience, were invited for interviews and subsequently admitted to the program. *Id*. Accordingly, Plaintiff concluded that he was discriminated on the grounds of age. In making this conclusion, Plaintiff also alleges that "[n]o persons of the protected age have ever been admitted to . . . this program" and that "[t]he age discrimination is rampant." *Id.* ¶ 21.

Plaintiff alleges that he filed a timely administrative claim with the California State University Chancellor's Office. *Id.* ¶ 8. However, Plaintiff's claim was denied. *Id*. Plaintiff also alleges that he gave timely notices of the instant action to Defendants, the Secretary of Health and Human Services, and the Attorney General of the United States. *Id.* ¶ 9.

**B. Procedural History**

On October 24, 2013, Plaintiff filed an original Complaint. ECF No. 1. On March 26, 2014, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). ECF No. 14. That same day, Defendants amended the motion to dismiss. ECF No. 15. After the Court granted Plaintiff's motion to extend time to file a response to the motion to dismiss, on April 17, 2014, Plaintiff filed an opposition. ECF No. 20. On April 23, 2014, Defendants filed a reply. ECF No. 21. The Court held a hearing on May 15, 2014. Plaintiff filed a supplemental letter brief on May 16, 2014. ECF No. 23.

On May 20, 2014, the Court granted Defendant's motion to dismiss. ECF No. 29. In the

order, the Court granted with leave to amend Defendants' motion to dismiss all of Plaintiff's claims against the Board of Trustees and Plaintiff's § 1985(3) claim against Albee. ("May 20, 2014 Order"), ECF No. 29 at 17. The Court also granted with prejudice Defendants' motion to dismiss Plaintiff's Fourteenth Amendment due process and equal protection claims against Albee; Plaintiff's Age Discrimination Act claim against Albee; and Plaintiff's Age Discrimination in Employment Act claim against Albee. May 20, 2014 Order at 17. Finally, the Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and thus granted without prejudice Defendants' motion to dismiss Plaintiff's state law claims—FEHA claim, Bane Act claims, and IIED claim. May 20, 2014 Order at 17.

On May 31, 2014, Plaintiff filed an Amended Complaint against Defendants. ECF No. 31. Plaintiff filed a corrected First Amended Complaint on June 29, 2014. ("FAC"), ECF. No. 34. On June 16, 2014, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). ("MTD"), ECF No. 33, which Plaintiff opposed on June 29, 2014, ("Opp'n"), ECF No. 35. On July 10, 2014, Defendants filed a reply. ("Reply"), ECF No. 36.

On September 29, 2014, the Court granted in part and denied in part Defendants' motion to dismiss. ECF No. 41. The Court dismissed with prejudice all of Plaintiff's claims against Defendant Board of Trustees with the exception of Plaintiff's Age Discrimination Act claim. The Court dismissed with leave to amend Plaintiff's due process claim against Defendant Albee and dismissed with prejudice the remainder of Plaintiff's claims against Defendant Albee.

On October 14, 2014, Plaintiff filed his SAC. ECF No. 45. Defendant Board of Trustees filed its answer on October 27, 2014. ECF No. 47. That same day, Defendant Albee filed a motion to dismiss Plaintiff's due process claim. ECF No. 46. Plaintiff filed an opposition on November 11, 2014, ECF No. 48, and Albee filed a reply on November 18, 2014, ECF No. 49. On February 25, 2015, the Court granted with prejudice Albee's motion to dismiss Plaintiff's due process claim, leaving Plaintiff with only his claims against Defendant Board of Trustees. ECF No. 76.

On December 19, 2014, Defendant filed a motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 51. More specifically, Defendants moved to dismiss Plaintiff's action on

3
Case No.13-CV-04948-LHK
ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

the basis of apparent material omissions in Plaintiff's in forma pauperis applications. Plaintiff filed an opposition, ECF No. 55, and Defendants filed a reply, ECF No. 60. Defendants also filed requests for judicial notice, ECF Nos. 54, 61, and a motion for leave to file a supplemental reply brief, ECF No. 68. Plaintiff filed an opposition to Defendants' motion for leave to file a supplemental reply brief, ECF No. 69. On April 1, 2015, the Court granted Defendants' motion to dismiss pursuant to § 1915(e)(2). ECF No. 79.

On April 1, 2015, Plaintiff filed a motion for leave to file motion for reconsideration. ECF No. 80. On April 13, 2015, Plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 81. Defendants filed an opposition. ECF No. 82. Plaintiff filed a reply. ECF No. 83. On July 6, 2015, the Court denied Plaintiff's motion for leave to file motion for reconsideration, motion for reconsideration, and request to proceed in forma pauperis on appeal. ECF No. 84.

Plaintiff filed the instant motion for leave to appeal in forma pauperis on July 10, 2015. ECF No. 85.

## II.   DISCUSSION

28 U.S.C. § 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). Under Federal Rule of Appellate Procedure 24(a):

> (1) Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
> . . .
> (3) A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on

4
Case No.13-CV-04948-LHK
ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

> appeal in forma pauperis without further authorization, unless:
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
> (B) a statute provides otherwise.

Fed. R. App. P. 24(a).

The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993). A party need not be completely destitute to be eligible for in forma pauperis ("IFP") status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). The affidavit supporting an IFP motion is sufficient if it alleges facts showing that the plaintiff, because of poverty, cannot pay or give security for court costs and still be able to provide herself and her dependents with "the necessities of life." *Id.* at 339.

The Court has found that Plaintiff intentionally and knowingly omitted material information about his financial status from his previously approved IFP applications before this Court. ECF No. 79. The Court found that these material omissions constitute a fraud on the Court. *Id.* Accordingly, the Court dismissed Plaintiff's case with prejudice based on Plaintiff's material omissions. *Id.*; *see Hoskins v. Dart*, 633 F.3d 541, 543–44 (7th Cir. 2011). Additionally, Plaintiff already has filed a motion requesting leave to appeal in forma pauperis. ECF No. 112. The Court denied that motion because the Court found that Plaintiff intentionally omitted material information from the previously approved IFP applications before this Court. ECF No. 84. Plaintiff's current motion for leave to appeal in forma pauperis does not present any new argument as to why the Court should depart from its previous ruling, nor does Plaintiff advance any argument that this Court should reconsider its prior order under Federal Rule of Civil Procedure 60(b). *See* ECF No. 85.

Therefore, because the Court has found that Plaintiff intentionally omitted material information from the previously approved IFP applications before this Court, the Court DENIES Plaintiff's request for leave to appeal in forma pauperis.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to appeal in forma pauperis.

**IT IS SO ORDERED.**

Dated: September 1, 2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

6
Case No.13-CV-04948-LHK
ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS